WOLF, J.
Appellant challenges his convictions for first-degree murder and use of a firearm in the commission of a felony. Appellant raises three issues. We find merit as to one, his contention that the trial court erred in denying defense counsel’s motion for mistrial where the prosecutor had improperly commented upon appellant’s right to remain silent. We reverse and remand for a new trial.
When the state called Officer Bier-baum to the witness stand, defense counsel asked for a sidebar for the purpose of making sure the prosecutor did not allow Officer Bierbaum to testify that when he interviewed appellant the second time appellant had advised that he did not wish to make any further statements. The prosecutor, Mr. Poitinger, argued to the court that appellant had not said he did not want to answer questions, but had only said, “I’m too tired right now, I don’t want to answer questions.” The prosecutor thus argued that appellant had not invoked his right to remain silent, but had only stated that he had been too tired to talk at that time. The court ruled as follows:
It’s a two-fold thing. He cannot testify Mr. Dickey declined or invoked his right not to speak. That’s one thing. If he complains of being tired and therefore would rather not, then that’s not invoking his rights. That’s just simply saying I’m tired and I don’t want to talk about this right now.
[[Image here]]
The projection is I’m tired. I don’t want to talk about this. That’s one thing. If he says no, I have the right to remain silent — he’s not going to put it in those words, but it’s obvious what he is doing is invoking his rights under the Mi *619 randa decision- — that’s a totally different thing.
[[Image here]]
You may want to caution Bierbaum the projection is okay, if he’s tired and he doesn’t want to talk that’s one thing. But there will be no inference that he is not speaking because he has been warned that anything can be used against him, and he said I ain’t going to[1] talk.
Despite the court’s ruling, the prosecutor’s direct examination of Officer Bier-baum did include a statement by the prosecutor regarding appellant’s decision not to make a statement. This comment immediately followed the questioning of Officer Bierbaum regarding his having given appellant his Miranda warnings:
Q. [Mr. Poitinger]: Now, in talking to [Dickey] once you learned that he may be the shooter, did you alter the method in which you attempted to take his statement?
A. [Officer Bierbaum]: Yes, I did. I read him his Miranda rights from a card from the State Attorney’s Office.
Q. And as you read them to him, did he ask you to indicate whether or not he understood those rights?
A. Yes, with each one.
Q. And did he indicate that he did in fact understand those rights?
A. He did.
Q. And did he talk to you?
A. No. He said he was tired, and did not want to make a statement.
Q. So you gave him the opportunity and he said I’m too tired, I don’t want to talk to you now?
A. That’s correct.
There was no objection raised at that point during the examination of Officer Bierbaum;. however, on redirect-examination when the prosecutor again elicited testimony concerning appellant’s silence after having received his Minanda warnings, defense counsel specifically objected: [1]
Q. [Mr. Poitinger]: When you came back, the only difference between the first interview and .the second interview is that now you say you are a suspect and I’m going to give you warnings?
A. [Officer Bierbaum]: That’s correct.
Q. And at that point he said I’m too tired, I don’t want to talk to you?
A. Yes.
Q. He didn’t take that opportunity to say well, here’s what I told you before, here’s what I’m telling you again?
MR. MINERVA [defense counsel]: Objection, Judge.
THE COURT: Sustained.
MR. MINERVA: Motion.
[[Image here]]
MR. MINERVA: Judge, we would move for a mistrial on the grounds that the state has violated the court’s admonition to make no comment on the defendant’s exercise of his right to remain silent after he had been given his Miranda warnings. The question is pregnant with that assumption that he was exercising his right to remain silent after those warnings. The question coupled the warnings and the silence, which is exactly what the court said at sidebar should not be done, and there was no opening of the door by any of the questions that [defense counsel] asked.
That cannot be cured by any instruction to the jury, which would simply call *620 additional attention to the fact that Mr. Dickey exercised his constitutional right to remain silent, and the jury or any reasonable person could draw the inference that he was not answering those questions because he had something to hide. That is a totally impermissible inference, and it rises from the question that was asked in violation of the court’s order. There is no way to cure it, and we therefore respectfully ask for a mistrial.
We are compelled to agree with defense counsel. The remarks by both the prosecutor and the witness constituted improper comment on appellant’s post-Miranda silence. See Cook v. State, 714 So.2d 1132, 1133 (Fla. 1st DCA l998)(“Any comment which is fairly susceptible of being interpreted as a comment on silence will be treated as such”). Although the prosecutor argued in the trial court that appellant had not exercised his constitutional right to remain silent but had merely said he was tired, we fail to see any relevance to this testimony other than to highlight appellant’s silence after having received Miranda warnings. In the instant case not only was there direct comment on appellant’s failure to respond immediately after receiving Miranda warnings, but the prosecutor also specifically highlighted appellant’s failure to address the incident in question.
Given the testimony and evidence concerning the confused state of affairs at the time of the shooting incident, we cannot say the asserted error had no effect on the jury’s verdict. We therefore reverse.
BARFIELD, C.J., and POLSTON, J., concur.

. We conclude, as did the trial court, that this issue was properly preserved for appellate review. While defense counsel did not object during the first portion of the quoted testimony, we feel that the second improper comment by the prosecutor was far more egregious because the prosecutor specifically commented on appellant's failure to address the incident in question.